FILED
04 AUG -9 PM 2:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| ALICIA HUNTER, f/k/a Alicia Haynes, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. CV-04-S-1203-NW |
| DAVID GREGORY THORNTON, et al., ) ) ) ) | |
| Defendants. ) | |

**ENTERED**
AUG - 9 2004
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**MEMORANDUM OPINION**

This action is before the court on plaintiff's motion to remand all of the claims presented in this case, both original and third-party, to the Circuit Court of Lauderdale County, Alabama, or, in the alternative, to remand only plaintiff's claims to that court.[1] Third-party defendant Columbia Casualty Company ("Columbia") has filed an opposition to plaintiff's motion, but requests in the alternative that the court sever the claims against it and remand only plaintiff's claims against the original defendants.[2] For the reasons set forth below, the court concludes that it lacks subject matter jurisdiction over this case. Thus, plaintiff's motion to remand the entire matter to state court is due to be granted.

---

[1] Doc. no. 5 (Motion to Remand).
[2] Doc. no. 9 (Response in Opposition to Plaintiff's Motion to Remand, or in the Alternative, Motion to Sever).



## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Alicia Hunter ("Hunter") originally filed suit against defendants[3] David Thornton ("Thornton") and Thornton Chrysler-Dodge, Inc. ("TCD") on November 3, 2003, in the Circuit Court of Colbert County, Alabama, alleging one count of wantonness and/or negligence, and two counts of slander.[4] On February 10, 2004, an order was entered transferring the case to the Circuit Court of Lauderdale County, Alabama. It is undisputed that at this point in the litigation there was no basis for federal jurisdiction: since the beginning of this proceeding, Hunter has been a resident of Colbert County, Thornton has been a resident of Lauderdale County, and TCD has been a corporate citizen of Alabama with its principal place of business in Lauderdale County.[5] In addition, all parties agree that Hunter's complaint alleges only state causes of action.

Once the case reached the Circuit Court of Lauderdale County, TCD filed a third-party complaint against its insurer, Columbia, seeking a declaratory ruling that TCD's insurance policy with Columbia covered the allegations contained in Hunter's complaint, an order directing Columbia to defend and indemnify TCD,

---

[3] Plaintiff's state court complaint also names two fictitious defendants. *See* Doc. no. 6 (State Court Complaint). However, in accordance with the terms of the Initial Order Governing All Further Proceedings (Doc. no. 8) and in light of the fact that there is no fictitious party practice in federal court, those defendants will not be discussed herein. *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 (11th Cir. 1997).

[4] Doc. no. 6.

[5] Doc. no. 1 (Notice of Removal); *see also* Doc. no. 6.

2

and damages for bad faith denial of insurance coverage.[6] Columbia, an Illinois corporation with its principal place of business in Chicago, responded by filing a Notice of Removal to this court, alleging complete diversity between the third-party plaintiff and third-party defendant as the sole basis for federal jurisdiction.[7] In making this argument, Columbia asserts that 28 U.S.C. § 1441(c), as interpreted by the former Fifth Circuit in *Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980), allows removal by a diverse third-party defendant under the circumstances presented in this case.[8] As discussed below, such a reading of § 1441(c), regardless of its plausibility in 1980, is impossible today.

## II. MOTION TO REMAND

At the outset, the court notes that all federal district courts are, by their very nature, courts of limited jurisdiction. *See, e.g., Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that district courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution"). Specifically, "[f]ederal courts have limited subject matter

---

[6] Doc. no. 1, Exhibit A.
[7] Doc. no. 1. It appears to be undisputed, and in any case is fairly obvious, that the third-party plaintiff's "well-pleaded complaint" does not allege or implicate any federal question. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L. Ed. 2d 318 (1987).
[8] All decisions of the United States Court of Appeals for the Fifth Circuit handed down before the close of business on October 1, 1981 are binding precedent in the Eleventh Circuit unless they are overruled by the Supreme Court, an act of Congress, or the Eleventh Circuit sitting *en banc*. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-1261 (11th Cir. 2000). The jurisdiction that federal courts do enjoy is conferred by the Constitution and by Congress, and may not be enlarged or enhanced by judicial decree. *American Fire & Cas. Co. v. Finn*, 341 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S.Ct. 2295, 2307, 144 L. Ed. 2d 715 (1999).

In the case of removal jurisdiction, the burden of proving that the federal court has subject matter jurisdiction weighs on the defendant seeking the removal. *See, e.g., Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-1320 (11th Cir. 2001); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001). This burden is substantial, as removal statutes are to be accorded a narrow construction in order to reduce the availability of removal, and any doubt concerning whether removal is proper is to be resolved in favor of remand. *See, e.g., Miles v. Kilgore*, 928 F. Supp. 1071, 1075 (N.D. Ala. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214 (1941)); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249 (11th Cir. 1985).

The removal of civil actions from state to federal court is governed primarily by 28 U.S.C. § 1441. Section 1441(a) introduces the general rule: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants. . . ." § 1441(a). Section 1441(b), after detailing the prerequisites for removal of federal question cases, provides that "[a]ny other such action shall be removable *only if* none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b) (emphasis supplied). Columbia does not rely on either of these two sections in asserting its right to removal,[9] and rightly so, because it is widely recognized and accepted that third-party defendants, just like counter-defendants, are not considered to be "defendants" within the meaning of § 1441(a) or (b). *See Shamrock*, 313 U.S. at 108-109, 61 S.Ct. 868 (refusing removal by counter-defendant and ordering strict construction of statute); *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991) (rejecting categorically third-party removal under subsections (a), (b), or (c)); *Moss Land & Mineral Corp v. Fid. & Cas. Co. of New York*, No. Civ. A. 03-AR-845-J, 2003 WL 21360803, at *2 (N.D. Ala. 2003) (same); *Alvarez v. Apollo Ship Chandlers, Inc.*, No. 02-CV-21045, 2002 WL 31933666, at *4 (S.D. Fla. 2002) (same); *BJB Co. v. Comp Air*

---

[9] "The notice of removal is the place to look for federal jurisdiction." *Moss Land & Mineral Corp. v. Fid. & Cas. Co. of New York*, 2003 WL 21360803, at *3 (N.D. Ala. 2003).

*Leroi*, 148 F. Supp. 2d 751, 752 (N.D. Tex. 2001) (refusing third-party removal under subsections (a) and (b) but noting that some courts allow third-parties to remove under subsection (c)); *Hayduk v. United Parcel Serv., Inc.*, 930 F. Supp. 584, 589-590 (S.D. Fla. 1996) (same); *Price v. ALFA Mut. Ins. Co.*, 877 F. Supp. 597, 600 (M.D. Ala. 1995) (same); *Persoff, M.D. v. Aran*, 792 F. Supp. 803, 804 (S.D. Fla. 1992) (refusing to allow third-party removal under subsection (a)).

Instead, as mentioned above, Columbia points to *Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980), a case in which the former Fifth Circuit decided that, under § 1441(c), diverse third-party defendants could validly remove a separate and independent cause of action, even though the original case was not removable. The version of § 1441(c) existing at the time *Carl Heck* was decided provided as follows:

> Whenever a separate and independent claim or cause of action, *which would be removable if sued upon alone*, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1988) (emphasis supplied). The relevant text in effect at the time of the *Carl Heck* decision was amenable to the Fifth Circuit's interpretation because it did not specify any one basis for federal jurisdiction; rather, either diversity or a federal question would have been sufficient, so long as the court was willing to go the extra mile by construing "defendants" to include third-party

6

defendants. *See* David Siegel, *Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act*, 133 F.R.D. 61, 78 (1991). But ten years after *Carl Heck* was handed down, Congress took action to further restrict the jurisdiction of federal courts in removal cases. *Id.* Striking a compromise between those who felt that § 1441(c) should be repealed altogether and those who advocated a more moderate approach, Congress amended § 1441(c) in 1990 to read as follows:

> Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331 of this title* is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (2003) (emphasis supplied); *see* Judicial Improvements Act of 1990, Pub. L. No. 101-650, § 312, 104 Stat. 5089, 5114 (1990); *see generally* H.R. Rep. No. 101-734, at 22 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6868. Stated simply, "[t]he revised version of § 1441(c) effectively eliminated claims based upon diversity from those removable under § 1441(c)." *BJB Co.*, 148 F. Supp. 2d at 754; *see also California Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 106 n.18 (2d Cir. 2004) (holding that "the existence of a claim that meets the requirements for diversity jurisdiction is no longer sufficient to implicate Section 1441(c). Instead, Section 1441(c) may only be invoked when a generally nonremovable claim is joined with a *federal* claim that is removable under Section

1441(a)") (emphasis in original).

Despite the wealth of case law addressing this issue, this is not the first time a third-party defendant has been confused by the continued viability of *Carl Heck*. Another district court within this Circuit recently found itself confronted with the same argument made by Columbia here. This court concurs in its conclusion:

> The change made by Congress deals with precisely the situation in the case at bar: a separate and independent claim filed in state court as part of a larger proceeding, that would be removable on grounds of diversity if sued upon alone, and that therefore would have been removable under the pre-1990 version of § 1441(c), but that is now nonremovable under that section as amended. Congress has spoken.

*Florida Dep't of Ins. v. Chase Bank of Texas Nat'l Ass'n*, 243 F. Supp. 2d 1293, 1297 (N.D. Fla. 2002). In hopes that this discussion will discourage others from attempting this argument in the future, the court emphasizes that, in the aftermath of the 1990 amendments, *Carl Heck* remains good law in the Eleventh Circuit only insofar as it authorizes third-parties to remove cases based on federal question jurisdiction under § 1441(c). *BJB Co.*, 148 F. Supp. 2d at 754. It has no applicability to a situation in which a third-party defendant claims a right to removal based on diversity. *Nat'l American Ins. Co. v. Advantage Contract Servs.*, 200 F. Supp. 2d 620, 621 (E.D. La. 2002).

### III. MOTION TO SEVER

As an alternative to retaining or remanding the entire matter, Columbia suggests that the court sever the claims presented in this case pursuant to Fed. R.

Civ. P. 14 and retain jurisdiction over the third-party dispute only.[10] In effect, Columbia is simply rephrasing its request that the court accept jurisdiction under § 1441(c), which would allow remand of the original plaintiff's claims. As indicated above, this is not a situation in which § 1441(c) is available to grant subject matter jurisdiction. Without the requisite subject matter jurisdiction, "this court may not sever claims, it may not dismiss parties, it may do nothing but remand this action to the Circuit Court. . . ." *Perry v. Norwest Financial Alabama, Inc.*, No. Civ. A. 98-0260-CB-C, 1998 WL 964987, at * 3 (S.D. Ala. 1998). Once back under that court's ample jurisdiction, the time would be proper for any party to move for a severance. *See Coren v. Cardoza*, 139 F.R.D. 561, 569 (D. Mass. 1991).

## IV. CONCLUSION

Because this court lacks subject matter jurisdiction, plaintiff's motion to remand the entire matter to the Circuit Court of Lauderdale County, Alabama will be granted. Plaintiff's alternative motion for a partial remand will be denied. Columbia's motion to sever the claims is due to be denied as well. An appropriate order will be entered contemporaneously herewith.

DONE this 9th day of August, 2004

_____
United States District Judge

---

[10] Doc. no. 9 (Columbia Casualty Company's Response in Opposition to Plaintiff's Motion to Remand, or in the Alternative, Motion to Sever).